UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

ORIGINAL

FILED
OCT - 4 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ANTHONY GRAZIANO, )
No. 48743-080 )
Federal Correctional Complex )
Box 3000 (MEDIUM) )
Forrest City, Arkansas 72336, )    CASE NUMBER 1:05CV01953
 )
            Plaintiff, )             JUDGE: Royce C. Lamberth
 )
       v          )    CASE        DECK TYPE: FOIA/Privacy Act
 )
FEDERAL BUREAU OF PRISONS, )         DATE STAMP: 10/04/2005
320 First Street, NW )
Washington, D. C.  20534, )    PRIVACY ACT SUIT
 )
            Defendant. )

## COMPLAINT FOR VIOLATIONS OF THE PRIVACY ACT

NOW COMES, Plaintiff, ANTHONY GRAZIANO, Pro Se, and as and for his complaint against the Defendant, FEDERAL BUREAU OF PRISONS, hereby states, claims and alleges as follows:

### Jurisdiction

1.   This Court has jurisdiction to entertain this PRIVACY ACT SUIT pursuant to Title 5 USC Section 552a entitled the "Privacy Act."

### Venue

2.   Venue properly liesin the District of Columbia for all Privacy Act complaints.

### Plaintiff

1.   Plaintiff, ANTHONY GRAZIANO, is a federal prisoner presently housed at the Federal Correctional Complex, Box 3000 (MEDIUM) in Forrest City, Arkansas.

### Defendant

1.   Defendant, FEDERAL BUREAU OF PRISONS, is a federal agency subject to the Privacy Act, and has as its primary place of business and its Central Office location at 320 First Street, NW in Washington, D.C. 20534 within this judicial district.

RECEIVED
SEP 2 2 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## Exhaustion of Administrative Remedies

1. Plaintiff has fully exhausted all possible remedies within the Federal Bureau of Prisons in his efforts to obtain redress of grievances by completing the BP-9, BP-10 and BP-11 process.

## Statement of Facts

1. On or about August 25, 2004, JAMES SULLIVAN, CCM of the Federal Bureau of Prisons, in Brooklyn, New York, authored a Security Designation Data Sheet alleging the Plaintiff committed or was involved in 15 murders, obstruction of justice, had an aggravating role in boiler room activity, had a vast sphere of influence and other blatant and flagrant remarks of dubious distinction that are wholly false, fictitious and misrepresentations of facts that were libelous and damaging to plaintiff.

2. Soon after that date, James Sullivan did then and there circulate the Data Sheet to the various facets and tenacles of the Federal Bureau of Prisons and other federal agencies that were to take custody of plaintiff.

3. The Federal Bureau of Prisons personnell then and there did take into serious account the false and fictitious statements in the records of the FEDERAL BUREAU OF PRISONS to prejudice plaintiff in his custody and security rating and to cause him to reside in a more onerous and impugned upon conditions of confinement than he ordinarily would have had to endure if these slanderous and libelous remarks were not in the files of the Federal Bureau of Prisons.

4. Plaintiff requested to JAMES SULLIVAN and the wardens of various institutions of the Bureau of Prisons, to correct these

erroneous records and to remove their false and fictitious nature and to correct them.

5. Plaintiff further appealed to the Regional Director and the Director of the FEDERAL BUREAU OF PRISONS, who all have systematically refused to correct these remarks and records.

6. By reason of the premises, plaintiff has been damaged and injured and suffers collateral consequences, both physically, mentally/emotionally, and has suffered adverse conditions of his confinement as a result and will continue to do so unless these false and fictitious remarks are corrected and the records are cleaned of them.

7. The FEDERAL BUREAU OF PRISONS is in stark violation of the Privacy Act (5 USC Section 552a).

8. The Federal Bureau of Prisons has failed to maintain accurate records to the degree necessary to assure fairness in the determinations as to plaintiff.

9. The FEDERAL BUREAU OF PRISONS' reliance on the inacurate records was and is the proximate cause of the adverse determinations.

10. The FEDERAL BUREAU OF PRISONS has intentionally and willfully failed to maintain accurate records on plaintiff.

11. The truth is clearly ascertainable or or provable and capable of being verified.

12. The FEDERAL BUREAU OF PRISONS has not taken reasonable steps to maintain accuracy of the information to assure fairness to plaintiff.

13. The FEDERAL BUREAU OF PRISONS is liable to plaintiff for money damages.

WHEREFORE, Plaintiff prays for the following relief.

1

An injunction and restraining order proscribing the FEDERAL BUREAU OF PRISONS from keeping erroneous records as heretofore delineated in this complaint and ORDER the records be corrected;

2

Enter judgement against defendant and for plaintiff in the amount of $100,000.00 (one hundred thousand dollars) plus costs for violations of the privacy act, deliberately and intentional.

3

Any further relief this Court deems just and proper.

Espectfully Submitted this 17$\underline{\text{th}}$ day of September, 2005.

By _____
ANTHONY GRAZIANO, Pro Se

-4-