IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ANTHONY GRAZIANO** )<br>)<br>)<br>  **Plaintiff,** )<br>)<br>v. )<br>)<br>**FEDERAL BUREAU OF PRISONS** )<br>)<br>)<br>  **Defendant.** )<br>) | Civil Action No. 05-1953 (RCL) |

**MOTION FOR ENLARGEMENT OF TIME**

Defendant, by undersigned counsel, pursuant to Fed. R. Civ. P. 6(b), and for good cause shown, hereby respectfully moves for an enlargement of time of 30 days, up to and including January 4, 2006, in which to move, answer, or otherwise respond to the Complaint in this case. Defendant's response to the Complaint would otherwise be due on December 5, 2005.

Defendant seeks this enlargement because several significant, unanticipated matters have arisen in government counsel's litigation schedule that would make it extremely difficult to attempt completion of defendant's response to the Complaint by December 5, 2005. She has been required to divert considerable time and resources from other cases to address a large case involving several components of the Department of Homeland Security ("DHS") arising from circumstances in connection with which established law is scarce. These matters have required substantial coordination among numerous federal officials and a significant amount of research on an expedited basis. Government counsel has also been required to integrate these tasks with the demands of another case involving an expedited discovery schedule due to allegations of

destruction of material. Government counsel is attempting to deal with these matters, many of which could not reasonably be anticipated, in addition to her otherwise considerable workload. She has therefore needed to move for several extensions in many cases, and now must do so in this case.

During the upcoming three-week period, government counsel will be filing several dispositive motions in other cases and two reply briefs, and will remain involved in an expedited discovery schedule in one of the above-referenced cases. In order to provide sufficient time to prepare defendant's response to the Complaint, defendant respectfully requests that the enlargement sought be granted.

Defendant's counsel has not conferred with plaintiff *pro se* regarding this motion because plaintiff *pro se* is incarcerated.[1]

---

[1] Local Civil Rule 7(m) requires "counsel" to discuss non-dispositive motions with "opposing counsel." It does not require counsel to discuss those motions with *pro se* parties. Nonetheless, it has been the general practice of the United States Attorney's Office in this District to discuss such motions with nonprisoner *pro se* parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). That Rule excludes prisoner *pro se* parties from the Court's meet-and-confer requirements. Specifically, the Rule requires "[c]ounsel (including any nonprisoner *pro se* party)" to meet and confer prior to a scheduling conference. LCvR 16.3(a).

An order granting the relief sought is attached hereto.

        Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney

_____
LISA S. GOLDFLUSS, D.C. Bar #417787
Assistant United States Attorney
555 4th Street, N.W., Tenth Fl.
Washington, D.C. 20530
(202) 514-7198
Counsel for Defendant

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 2nd day of December, 2005, I caused the foregoing to be served first class mail, postage prepaid, addressed as follows:

ANTHONY GRAZIANO
No. 48743-080
Federal Correctional Complex
Box 3000 (MEDIUM)
Forrest City, Arkansas 72336

 

_____
LISA S. GOLDFLUSS
Assistant United States Attorney