IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **ANTHONY GRAZIANO,** | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-1953 (RCL) |
| **FEDERAL BUREAU OF PRISONS,** | ) |
| Defendant. | ) |

**MOTION FOR ENLARGEMENT OF TIME**

Defendant, by undersigned counsel, pursuant to Fed. R. Civ. P. 6(b), and for good cause shown, hereby respectfully moves for an enlargement of time of 30 days, up to and including February 3, 2006, in which to move, answer, or otherwise respond to the Complaint in this case. Defendant's response to the Complaint would otherwise be due on January 4, 2006.

Plaintiff *pro se* has filed this suit under the auspices of the Privacy Act, 5 U.S.C. § 552a. Plaintiff, who is currently serving a 135-month sentence in the federal penitentiary system, alleges that the Bureau of Prisons ("BOP") is maintaining inaccurate information concerning him in his Security Designation Data sheet. Specifically, plaintiff claims that the Security Designation Data sheet is inaccurate insofar as it states that plaintiff committed or was involved in 15 murders; was involved in obstruction of justice; had an aggravating role in boiler room activity; and had a vast sphere of influence in criminal activity. Complaint, second of two paragraph 1's. Plaintiff seeks, *inter alia*, $100,000 from the government plus costs. Id. at 4.

Defendant intends to file a dispositive motion. Although much of the work involved has already been completed, there are several matters that require further examination and support before that motion can be finalized, and defendant respectfully submits that incorporation of all well-grounded defenses in the subject motion would provide the Court with all available grounds for dismissal and thus advance disposition of the action. Shortly before the Christmas/New Year holidays, however, counsel for defendant was subjected to a series of demands in several other cases requiring expedited activity, and was unable to complete the work required by the subject motion. Having returned from a long-planned family vacation during the last week in December, she is currently involved in preparing four motions and/or substantive filings due during the upcoming week, some in the above-referenced cases; will be involved in several contentious discovery matters next week in cases with impending discovery cut-off dates, as well as preparing four more motions and/or opposition memoranda; and will be preparing four more motions during the third week in January, all in cases where, due to government counsel's workload, more than two enlargements have already been granted. Defendant regrets the need to request a second enlargement of time to respond to the Complaint in this case, but respectfully submits that the enlargement sought is reasonable and warranted in view of government counsel's particularly difficult workload at this time. In order to provide sufficient time to prepare defendant's response to the Complaint, defendant respectfully requests that the enlargement sought be granted.

Defendant's counsel has not conferred with plaintiff *pro se* regarding this motion because plaintiff *pro se* is incarcerated.[1]

An order granting the relief sought is attached hereto.

        Respectfully submitted,

---

KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

---

R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney

---

LISA S. GOLDFLUSS, D.C. Bar #417787
Assistant United States Attorney
555 4th Street, N.W., Tenth Fl.
Washington, D.C. 20530
(202) 514-7198
Counsel for Defendant

---

[1] Local Civil Rule 7(m) requires "counsel" to discuss non-dispositive motions with "opposing counsel." It does not require counsel to discuss those motions with *pro se* parties. Nonetheless, it has been the general practice of the United States Attorney's Office in this District to discuss such motions with nonprisoner *pro se* parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). That Rule excludes prisoner *pro se* parties from the Court's meet-and-confer requirements. Specifically, the Rule requires "[c]ounsel (including any nonprisoner *pro se* party)" to meet and confer prior to a scheduling conference. LCvR 16.3(a).

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 3rd day of January, 2006, I caused the foregoing to be served first class mail, postage prepaid, addressed as follows:

ANTHONY GRAZIANO
No. 48743-080
Federal Correctional Complex
Box 3000 (MEDIUM)
Forrest City, Arkansas 72336

                                                 _____
                                                 LISA S. GOLDFLUSS
                                                 Assistant United States Attorney