IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ANTHONY GRAZIANO,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1953 (RCL) |
| ) | |
| **FEDERAL BUREAU OF PRISONS,** ) | |
| ) | |
| Defendant. ) | |

**MOTION FOR ENLARGEMENT OF TIME**

Defendant, by undersigned counsel, pursuant to Fed. R. Civ. P. 6(b), and for good cause shown, hereby respectfully moves for an enlargement of time of 25 days, up to and including February 28, 2006, in which to move, answer, or otherwise respond to the Complaint in this case. Defendant's response to the Complaint would otherwise be due on February 3, 2006.

Plaintiff *pro se* has filed this suit under the auspices of the Privacy Act, 5 U.S.C. § 552a. Plaintiff, who is currently serving a 135-month sentence in the federal penitentiary system, alleges that the Bureau of Prisons ("BOP") is maintaining inaccurate information concerning him in his Security Designation Data sheet. Specifically, plaintiff claims that the Security Designation Data sheet is inaccurate insofar as it states that plaintiff committed or was involved in 15 murders; was involved in obstruction of justice; had an aggravating role in boiler room activity; and had a vast sphere of influence in criminal activity. Complaint, second of two paragraph 1's. Plaintiff seeks, *inter alia*, $100,000 from the government plus costs. Id. at 4.

Based on matters initially presented to government counsel by the Bureau of Prisons, the government had been intending to file a motion pursuant to Federal Rule of Civil Procedure 12(b). In view of new information and intervening developments, the government now intends to file simultaneously an answer and a motion for summary judgment that would seek disposition of the case in its entirety. The Bureau of Prisons is continuing to investigate all factual matters relevant to the proposed summary judgment motion, and has had to seek the cooperation of employees in branches other than the executive branch in order to complete that work.

In the next three-week period, government counsel will be preparing a significant number of legal memoranda in connection with dispositive motion practice (motions, oppositions and replies) variously in the United States District Court and the United States Court of Appeals, and will be working, as well, on some extremely complex discovery matters (including expert discovery). Government counsel is also working actively to settle two cases simultaneously, and has been required to undertake time-consuming research to answer very specific questions to advance the possibility of settlement in those cases. In order to ensure that the Bureau of Prisons can gather all of the evidence that is needed for defendant's summary judgment motion, and to ensure that government counsel has sufficient time to review that evidence for the purpose of drafting a motion that satisfies the government's burden in this case, defendant respectfully requests that the enlargement sought be granted.

Defendant's counsel has not conferred with plaintiff *pro se* regarding this motion because plaintiff *pro se* is incarcerated.[1]

---

[1] Local Civil Rule 7(m) requires "counsel" to discuss non-dispositive motions with "opposing counsel." It does not require counsel to discuss those motions with *pro se* parties. Nonetheless, it has been the general practice of the United States Attorney's Office in this District

An order granting the relief sought is attached hereto.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney

_____
LISA S. GOLDFLUSS, D.C. Bar #417787
Assistant United States Attorney
555 4th Street, N.W., Tenth Fl.
Washington, D.C. 20530
(202) 514-7198
Counsel for Defendant

---

to discuss such motions with nonprisoner *pro se* parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). That Rule excludes prisoner *pro se* parties from the Court's meet-and-confer requirements. Specifically, the Rule requires "[c]ounsel (including any nonprisoner *pro se* party)" to meet and confer prior to a scheduling conference. LCvR 16.3(a).

## CERTIFICATE OF SERVICE

      I hereby certify that on this 2nd day of February, 2006, I caused the foregoing to be served first class mail, postage prepaid, addressed as follows:

ANTHONY GRAZIANO  
No. 48743-080  
Federal Correctional Complex  
Box 3000 (MEDIUM)  
Forrest City, Arkansas 72336

 

_____  
LISA S. GOLDFLUSS  
Assistant United States Attorney