IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANTHONY GRAZIANO, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) Civil Action No. 05-1953 (RCL) |
|  | ) |
| FEDERAL BUREAU OF PRISONS, | ) |
|  | ) |
| Defendant. | ) |

**MOTION FOR ENLARGEMENT OF TIME**

Defendant, by undersigned counsel, pursuant to Fed. R. Civ. P. 6(b), and for good cause shown, hereby respectfully moves for an enlargement of time of 21 days, up to and including March 21, 2006, in which to move, answer, or otherwise respond to the Complaint in this case. Defendant's response to the Complaint would otherwise be due on February 28, 2006.

Plaintiff *pro se* has filed this suit under the auspices of the Privacy Act, 5 U.S.C. § 552a. Plaintiff, who is currently serving a 135-month sentence in the federal penitentiary system, alleges that the Bureau of Prisons ("BOP") is maintaining inaccurate information concerning him in his Security Designation Data sheet. Specifically, plaintiff claims that the Security Designation Data sheet is inaccurate insofar as it states that plaintiff committed or was involved in 15 murders; was involved in obstruction of justice; had an aggravating role in boiler room activity; and had a vast sphere of influence in criminal activity. Complaint, second of two paragraph 1's. Plaintiff seeks, *inter alia*, $100,000 from the government plus costs. Id. at 4.

The last undersigned Assistant United States Attorney received last week the agency's reconsidered response to the Complaint. At the time that she received it, the undersigned was in the process of preparing two major briefs in an extremely complex and difficult six-year-old litigation, the considerable demands of which have displaced several other scheduled events on her calendar, and was also involved in the preparation of an answer to a voluminous complaint based on Title VII of the Civil Rights Act. In the latter case, the agency had not completed its investigation, and the undersigned was required to undertake an investigation into numerous matters raised in the complaint, including undertaking phone conversations with witnesses stationed overseas in extremely inconvenient time zones. The former case involves five separate agencies and/or agency components, and has most recently required, in addition to extremely intensive motion practice, the coordination of the preparation of the federal government's Rule 30(b)(6) deponents, including voluminous document preparation for fifteen individual witnesses. At the same time, the undersigned is attempting to complete outstanding discovery requirements in three cases with impending discovery cut-off dates, including expert witness discovery of significant technical complexity, and to satisfy the requirements of her otherwise ample caseload. The undersigned has needed to file enlargement motions in several of her cases to accommodate the significant demands of the large, above-referenced litigation, including enlargement motions before the United States Court of Appeals for the District of Columbia Circuit. The undersigned is also currently preparing several motions and/or opposition memoranda in other cases as well.

Defendant appreciates that this is its fourth motion for enlargement of time, recognizes the interest of this Court and plaintiff in proceeding apace, and does not make this motion lightly. Defendant will make every effort to complete defendant's response to the Complaint before

March 21, 2006, but is requesting the three-week period sought to ensure that it will not be required to file any further enlargement motions.

Defendant's counsel has not conferred with plaintiff *pro se* regarding this motion because plaintiff *pro se* is incarcerated.[1]

An order granting the relief sought is attached hereto.

Respectfully submitted,

KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney

LISA S. GOLDFLUSS, D.C. Bar #417787
Assistant United States Attorney
555 4th Street, N.W., Tenth Fl.
Washington, D.C. 20530
(202) 514-7198
Counsel for Defendant

---

[1] Local Civil Rule 7(m) requires "counsel" to discuss non-dispositive motions with "opposing counsel." It does not require counsel to discuss those motions with *pro se* parties. Nonetheless, it has been the general practice of the United States Attorney's Office in this District to discuss such motions with nonprisoner *pro se* parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). That Rule excludes prisoner *pro se* parties from the Court's meet-and-confer requirements. Specifically, the Rule requires "[c]ounsel (including any nonprisoner *pro se* party)" to meet and confer prior to a scheduling conference. LCvR 16.3(a).

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of February, 2006, I caused the foregoing to be served first class mail, postage prepaid, addressed as follows:

ANTHONY GRAZIANO
No. 48743-080
Federal Correctional Complex
Box 3000 (MEDIUM)
Forrest City, Arkansas 72336

_____
LISA S. GOLDFLUSS
Assistant United States Attorney