UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY GRAZIANO,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>FEDERAL BUREAU OF PRISONS,<br><br>　　　　　　Defendant. | Civil Action No. 05-1953 (RCL) |

**DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT**

Defendant, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), hereby respectfully moves that the Court dismiss this case for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.  Alternatively, defendant moves for entry of summary judgment in its favor on the grounds that there is no genuine issue of material fact and defendant is entitled to judgment as a matter of law. As support for this motion, the Court is respectfully referred to defendant's memorandum in support thereof, Defendant's Statement of Undisputed Material Facts, the Declaration of James D. Crook, and the entire record in this case.

To the extent that the Court may rely on matters outside of the pleadings, the Court may enter summary judgment in favor of the defendant. See Fed. R. Civ. P. 56.  Plaintiff should take notice that any factual assertions contained in the documents in support of this motion will be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in the documents. See Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992) and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

    A proposed Order is attached.

                              Respectfully submitted,

                              _____
                              KENNETH L. WAINSTEIN, D.C. Bar # 451058
                              United States Attorney

                              _____
                              R. CRAIG LAWRENCE, D.C. Bar # 171538
                              Assistant United States Attorney

                              _____
                              LISA S. GOLDFLUSS, D.C. Bar # 417787
                              Assistant United States Attorney
                              555 4th Street, N.W., Tenth Fl.
                              Washington, D.C. 20530
                              (202) 514-7198
                              Counsel for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANTHONY GRAZIANO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1953 (RCL) |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION
TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Plaintiff *pro se,* Anthony Graziano, has filed this suit under the Privacy Act, 5 U.S.C. § 552a. Plaintiff is currently serving a 135-month aggregated sentence in the federal penitentiary system for Conspiracy to Engage in Racketeer Influenced and Corrupt Organizations (RICO) and Conspiracy to Commit Racketeering and Attempt to Evade Tax. See Declaration of James D. Crook ("Crook Decl."), attached hereto as Exhibit A, ¶ 4. Plaintiff alleges that the Bureau of Prisons ("BOP") is maintaining inaccurate information concerning him in his Security Designation Data Sheet. Specifically, plaintiff claims that the Security Designation Data Sheet is inaccurate insofar as it states that plaintiff committed or was involved in 15 murders; was involved in obstruction of justice; had an aggravating role in boiler room activity; and had a vast sphere of influence in criminal activity. Complaint, second of two paragraph 1's; ¶ 8. Plaintiff also alleges that the subject document contains other unidentified "blatant and flagrant remarks of dubious distinction that are wholly false . . . ." Id.

Plaintiff alleges that a BOP Community Correctional Manager ("CCM") in Brooklyn, New York, circulated the subject document to "various facets" of BOP and other federal agencies that were to take custody of plaintiff. Id. ¶¶ 1, 2. Plaintiff alleges that BOP personnel subsequently relied on the subject false information within the document in making determinations about plaintiff's custody and security rating, causing plaintiff "to reside in a more onerous and impugned upon conditions of confinement than he ordinarily would have had to endure . . . " Id. ¶ 3. Finally, plaintiff alleges that BOP has intentionally failed to maintain the subject record accurately. Id. ¶¶ 10, 12. Plaintiff seeks injunctive relief (order requiring BOP to maintain accurate records about plaintiff) and $100,000 from the government plus costs. Id. at 4.

This case is subject to dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) because BOP has, pursuant to statutory authority conferred upon it to do so, exempted from the reach of the Privacy Act's amendment and damages provisions the system of records in which the subject document is maintained, BOP's Inmate Central Record System (JUSTICE/BOP-005). Alternatively, for that same reason, defendant is entitled to summary judgment in its favor on the grounds that there is no genuine issue of material fact and defendant is entitled to judgment as a matter of law.

## STATEMENT OF FACTS

1. Plaintiff in this action, Anthony A. Graziano, federal register number 48743-080, is a federal prisoner currently serving a 135-month aggregated sentence for Conspiracy to Engage in Racketeer Influenced and Corrupt Organizations (RICO) and Conspiracy to Commit Racketeering and Attempt to Evade Tax. See Declaration of James D. Crook ("Crook Decl."), attached hereto as Exhibit A, ¶ 4.

2. Plaintiff is currently confined for service of his sentence at the Federal Correctional Complex - Medium Security Institution (FCC Forrest City - Medium), located in Forrest City, Arkansas, and is presently expected to be released with Good Conduct Time (GCT) on January 6, 2012.  Id. ¶ 5.

3. The document that plaintiff alleges is the subject of this Privacy Act suit is a Security Designation Data Sheet created in 2004, containing information about plaintiff's involvement in past criminal activity, and specifically referencing, *inter alia*, his "sphere of influence."  See Complaint (second) ¶ 1.

4. The Security Designation Data Sheet at issue in this suit is maintained within BOP's SENTRY data base, which is part of BOP's Inmate Central Record System (JUSTICE/BOP-005).  Crook Decl. ¶ 6; see 67 Federal Register 31371 (enumerating, as categories of information contained in the Inmate Central Record System, information concerning "(5) present offense, prior criminal background, sentence and parole; . . . and (7) institution designation and housing assignments, including separation orders, and supporting documentation."); see also 28 C.F.R. §16.97(a)(4), (j).

## ARGUMENT

**This Action Must Be Dismissed Because BOP's Inmate Central File System of Records Is Exempt from the Amendment and Damages Provisions of the Privacy Act.**

The Privacy Act, 5 U.S.C. § 552a, governs federal agencies' maintenance of records pertaining to individuals.  See generally Henke v. U.S. Dep't of Commerce, 83 F.3d 1453, 1456-57 (D.C. Cir. 1996).  A "record" within the meaning of the Act refers to information that is "about an individual," that is maintained within a "system of records" of an agency, and that is

3

retrieved from that system through use of a person's name or other personal identifier.  5 U.S.C. § 552a(a)(4), (a)(5).  The Act requires any agency which maintains a system of records to publish a notice in the Federal Register describing the existence and character of that system. 5 U.S.C. § 552a(e)(4); Henke, 83 F.3d at 1456.  BOP has identified its Inmate Central Records system of records in the Federal Register as including records pertaining to, *inter alia,* "present offense, prior criminal background, sentence and parole; . . . [and] institution designation and housing assignments, including separation orders, and supporting documentation.").  67 Fed. Reg. 31371 (April 26, 2002) (JUSTICE/BOP-005 Inmate Central Records System).

  The Privacy Act provides, in pertinent part, that each agency maintaining a system of records shall "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness . . ." 5 U.S.C. § 552a(e)(5).  Where a determination adverse to an individual is made, the individual may, under certain circumstances, bring a civil action and recover "actual damages sustained," costs and reasonable attorney fees.  See 5 U.S.C. § 552a(g)(1)(D), (g)(4).  Federal courts may adjudicate disputes arising from the substantive provisions of the Privacy Act only under the jurisdictional grant found at 5 U.S.C. § 552a(g).

  Section 552a(j) of the Act confers upon federal agencies the authority to promulgate rules exempting certain systems of records from, *inter alia*, the amendment and damages provisions of the Act.  See White v. United States Probation Office, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (citing 28 C.F.R. §§ 16.51(c); 16.97(a));  Deters v. United States Parole Commission, 85 F.3d 655 (D.C. Cir. 1996).  Specifically,

> [t]he head of any agency may promulgate rules, in accordance with the requirements (including general notice) of sections 553(b)(1),(2), and (3), (c), and (e) of this title, to exempt any system of records within the agency from any part of this section except subsections(b), (c)(1) and (2), (e)(4)(A) through (F), (e)(6), (7), (9), (10), and (11), and (i) if the system of records is . . . (2) maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including . . . the activities of . . . correctional . . . authorities, and which consists of (A) information compiled for the purpose of identifying individual criminal offenders and alleged offenders and consisting only of identifying data and notations of arrests, the nature and disposition of criminal charges, sentencing, confinement, release, and parole and probation status; (B) information compiled for the purpose of a criminal investigation, including reports of informants and investigators, and associated with an identifiable individual; or (C) reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision.

5 U.S.C. § 552a(j).

BOP has exempted its Inmate Central Records system from the Privacy Act's amendment provisions and relevant damages provisions. See 28 C.F.R. § 16.97(a); § 16.97(j); 67 Fed. Reg. 51754 (Aug. 9, 2002). See also Sellers v. Bureau of Prisons, 959 F.2d 307, 310 (D.C. Cir. 1992); Montemayor v. BOP, Civil Action 02-1283 (GK) (D.D.C. 2004) (copy attached hereto as Exhibit B). BOP has outlined its reasons for exempting, *inter alia*, the Inmate Central File from the substantive accuracy provision, section 552a(e)(5), as follows:

> Exemptions from the particular subsections are justified for the following reasons: (1) From [5 U.S.C. § 552a] subsection (e)(1) to the extent that the Bureau may collect information that may be relevant to the law enforcement operations of other agencies. In the interests of overall, effective law enforcement, such information should be retained and made available to those agencies with relevant responsibilities.
>
> (2) From [5 U.S.C. § 552a] subsection (e)(5) because in the collection and maintenance of information for law enforcement purposes, it is impossible to determine in advance what information is accurate, relevant, timely and complete. Data which may seem unrelated, irrelevant or incomplete when collected may take on added meaning or significance during the course of an investigation or with the

> passage of time, and could be relevant to future law enforcement decisions. In addition, because many of these records come from the courts and other state and local criminal justice agencies, it is administratively impossible for them and the Bureau to ensure compliance with this provision. The restrictions of subsection (e)(5) would restrict and delay trained correctional managers from timely exercising their judgment in managing the inmate population and providing for the safety and security of the prisons and the public.

67 Fed. Reg. 51754 (codified at 28 C.F.R. § 16.97(j) (exempting the Bureau of Prisons Inmate Central Records System from 5 U.S.C. § 552a(e)(1) and (5) pursuant to 5 U.S.C. § 552a(j))).

The document that plaintiff alleges is the subject of this Privacy Act suit is a Security Designation Data Sheet created in 2004, containing information about plaintiff's involvement in past criminal activity, and specifically referencing, *inter alia*, his "sphere of influence." See Complaint (second) ¶ 1. That document is maintained within BOP's SENTRY data base, which is part of BOP's Inmate Central Record System (JUSTICE/BOP-005). Crook Decl. ¶ 6. See also 67 Fed. Reg. 31371 (enumerating, as categories of information contained in the Inmate Central Record System, information concerning "(5) present offense, prior criminal background, sentence and parole; . . . and (7) institution designation and housing assignments, including separation orders, and supporting documentation."). Accordingly, because plaintiff's action seeks amendment of his Inmate Central File under the Privacy Act and a damages remedy for the maintenance of allegedly incorrect information, and because BOP has, pursuant to statutory authority conferred upon it by the Act itself, exempted that system of records from both the substantive accuracy provision, § 552a(e)(5), and the provision affording a civil damages remedy, this Court cannot exercise jurisdiction that would have otherwise been provided in 5 U.S.C. § 552a(g)(1), and the action must be dismissed.

## CONCLUSION

For the foregoing reasons, the Court should dismiss this case.

                Respectfully submitted,

                _____

                KENNETH L. WAINSTEIN, D.C. Bar # 451058
                United States Attorney

                _____

                R. CRAIG LAWRENCE, D.C. Bar # 171538
                Assistant United States Attorney

                _____

                LISA S. GOLDFLUSS, D.C. Bar #417787
                Assistant United States Attorney
                555 4th Street, N.W.,  Tenth Fl.
                Washington, D.C.  20530
                (202) 514-7198
                Counsel for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY GRAZIANO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FEDERAL BUREAU OF PRISONS, )<br>)<br>Defendant. ) | Civil Action No. 05-1953 (RCL) |

**DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

 1. Plaintiff in this action, Anthony A. Graziano, federal register number 48743-080, is a federal prisoner currently serving a 135-month aggregated sentence for Conspiracy to Engage in Racketeer Influenced and Corrupt Organizations (RICO) and Conspiracy to Commit Racketeering and Attempt to Evade Tax. See Declaration of James D. Crook ("Crook Decl."), attached hereto as Exhibit A, ¶ 4.

 2. Plaintiff is currently confined for service of his sentence at the Federal Correctional Complex - Medium Security Institution (FCC Forrest City - Medium), located in Forrest City, Arkansas, and is presently expected to be released with Good Conduct Time (GCT) on January 6, 2012. Id. ¶ 5.

 3. The document that plaintiff alleges is the subject of this Privacy Act suit is a Security Designation Data Sheet created in 2004, containing information about plaintiff's involvement in past criminal activity, and specifically referencing, *inter alia*, his "sphere of influence." See Complaint (second) ¶ 1.

4. The Security Designation Data Sheet at issue in this suit is maintained within BOP's SENTRY data base, which is part of BOP's Inmate Central Record System (JUSTICE/BOP-005). Crook Decl. ¶ 6; see 67 Federal Register 31371 (enumerating, as categories of information contained in the Inmate Central Record System, information concerning "(5) present offense, prior criminal background, sentence and parole; . . . and (7) institution designation and housing assignments, including separation orders, and supporting documentation."); see also 28 C.F.R. §16.97(a)(4), (j).

                Respectfully submitted,

                _____
                KENNETH L. WAINSTEIN, D.C. Bar # 451058
                United States Attorney

                _____
                R. CRAIG LAWRENCE, D.C. Bar # 171538
                Assistant United States Attorney

                _____
                LISA S. GOLDFLUSS, D.C. Bar #417787
                Assistant United States Attorney
                555 4th Street, N.W., Tenth Fl.
                Washington, D.C. 20530
                (202) 514-7198
                Counsel for Defendants

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 10th day of March, 2006, I caused the foregoing to be served first class mail, postage prepaid, addressed as follows:

ANTHONY GRAZIANO
No. 48743-080
Federal Correctional Complex
Box 3000 (MEDIUM)
Forrest City, Arkansas 72336

                                                  _____
                                                  LISA S. GOLDFLUSS
                                                  Assistant United States Attorney