UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATIAS MONTEMAYOR, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 02-1283 (GK) |
| FEDERAL BUREAU OF PRISONS, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's renewed motion to dismiss and on Plaintiff's motion for leave to file an amended complaint. Upon consideration the motions, oppositions thereto, and the entire record of this case, the Court will grant Defendant's motion in part and will grant Plaintiff's motion.

I. BACKGROUND

Plaintiff, a federal prisoner, brings this action under the Privacy Act, 5 U.S.C. § 552a, to challenge the accuracy of records maintained by the Bureau of Prisons ("BOP") which pertain to him. Specifically, Plaintiff contends that BOP records assign him to a security threat group ("STG") based on his alleged association with other inmates who are affiliated with gangs. He further contends that BOP's reliance on this erroneous STG assignment has resulted in adverse determinations with regard to his security classification, program eligibility, designation to a particular

1

BOP facility, and placement in special housing units.[1]  *See* Compl. at 6.

## II.  DISCUSSION

### A.  *Defendant's Renewed Motion to Dismiss*

Defendant moves to dismiss Plaintiff's Privacy Act claims on the ground that he fails to state claims upon which relief can be granted.  Because BOP has promulgated regulations which exempt certain systems of records from both the amendment and damages provisions of the Privacy Act, Defendant argues that no civil remedy is available to Plaintiff.

#### 1.  Injunctive Relief

Among other things, Plaintiff seeks amendment or expungement of BOP's records insofar as the records incorrectly assign him to a security threat group.  *See* Compl. at 2

Subsection (e)(5) of the Privacy Act requires that an agency:

> maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as to assure fairness to the individual in the determination.

5 U.S.C. § 552a(e)(5).  Subsection (g) allows an individual to file

---

[1] The Court rejects Defendant's argument that Plaintiff failed to adequately state a Privacy Act claim in his initial *pro se* complaint.  A *pro se* litigant's pleadings are construed liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and Plaintiff's complaint adequately states the elements of a Privacy Act claim, including allegations of adverse determinations resulting from BOP's reliance on the erroneous STG designation.

2

a civil action against an agency which refuses to amend its records upon request or fails to maintain its records with the requisite level of accuracy and completeness.[2] In a suit filed pursuant to subsection (g)(1)(C), if the Court determines that the agency's actions were willful or intentional, the Court may award actual damages sustained by the individual as a result of the refusal or failure of the agency to maintain its records with the requisite level of accuracy, and further may award costs of the action and attorney fees.  5 U.S.C. § 552a(g)(4).

Notwithstanding the relief available under the Privacy Act, an agency's Director may promulgate regulations to exempt any system of records within the agency from any part of the Privacy Act, *except* subsections (b), (c)(1) and (2), (e)(4)(A) through (F), (e)(6), (7), (9), (10), and (11), and (i), if the system of records

---

[2] In relevant part, subsection (g) authorizes an individual to file a civil action whenever any agency:

> makes a determination . . . not to amend an individual's record in accordance with his request.

5 U.S.C. § 552a(g)(1)(A). In addition, subsection (g) allows a civil action whenever an agency:

> fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual.

5 U.S.C. § 552a(g)(1)(C).

3

is:

> maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including . . . correctional, probation, pardon, or parole authorities, and which consists of . . . reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision.

5 U.S.C. § 552a(j)(2). Pursuant to this authority, regulations exempt BOP's Custodial and Security Record System (JUSTICE/BOP-003) and the Inmate Central Records System (JUSTICE/BOP-005), among other systems of records, from subsections (c)(3) and (4), (d), (e)(2) and (3), (e)(4)(H), (e)(8), (f) and (g).[3] See 28 C.F.R. § 16.97(a)(1), (4). Accordingly, insofar as Plaintiff seeks under 5 U.S.C. § 552(d) the amendment or expungement of BOP records pertaining to him that are maintained in either of these records systems, such relief is unavailable under 5 U.S.C. § 552a(g). See *Risley v. Hawk*, 108 F.3d 1396, 1397 (D.C. Cir. 1997) (per curiam) (denying injunctive relief on the ground that regulations exempt BOP records from amendment provision of Privacy Act); *Sellers v. Bureau of Prisons*, 959 F.2d 307, 309 (D.C. Cir. 1992) (upholding district court's dismissal of claim under section 552(d)).

---

[3] Other BOP records systems are exempt from these provisions of the Privacy Act. See 28 C.F.R. § 16.97(a). It is unclear which records systems, other than the Inmate Central Records System, are relevant in the instant case.

4

2. <u>Monetary Damages</u>

In order to recover monetary damages under the Privacy Act, "a plaintiff must assert that an agency failed to maintain accurate records, that it did so intentionally or willfully, and, consequently, that an 'adverse' 'determination [wa]s made' respecting the plaintiff. *Toolasprashad v. Bureau of Prisons*, 286 F.3d 576, 583 (D.C. Cir. 2002) (quoting 5 U.S.C. § 552a(g)(1)(C)). Pursuant to 5 U.S.C. § 552a(j)(2), BOP's Inmate Central Records System is exempt from subsection (e)(5) of the Privacy Act.[4] *See* 28 C.F.R. § 16.97(j) (effective August 9, 2002). BOP's rationale for exempting this system of records is explained as follows:

> [I]n the collection and maintenance of information for law enforcement purposes, it is impossible to determine in advance what information is accurate, relevant, timely and complete. Data which may seem unrelated, irrelevant or incomplete when collected may take on added meaning or significance during the course of an investigation or with the passage of time, and could be relevant to future law enforcement decisions. In addition, because many of these records come from the courts and other state and local criminal justice agencies, it is administratively impossible for them and [BOP] to ensure compliance with [subsection (e)(5)]. The restrictions of subsection (e)(5) would restrict and delay trained correctional managers from timely exercising their judgment in managing the inmate population and providing for the safety and security of the

---

[4] The variation in language between section 552(e)(5) and section 552(g)(1)(C) of the Privacy Act is "of no substantive significance." *Doe v. United States*, 821 F.2d 694, 698 n.10 (D.C. Cir. 1987) (en banc).

5

prisons and the public.

28 C.F.R. § 16.97(k)(2). Having exempted its records from the substantive provision regarding the agency's recordkeeping obligations, BOP thus deprives litigants of a remedy for any harm caused by the agency's substandard recordkeeping. Accordingly, insofar as Plaintiff seeks damages for BOP's failure to maintain records in its Inmate Central Records System pertaining to him with the requisite level of accuracy and completeness, and his claims arise after August 9, 2002, damages are not available.[5]

B. *Plaintiff's Motion to File a Second Amended Complaint*

Plaintiff filed his initial complaint and supplement *pro se*.[6] By appointed counsel, he now moves to amend the complaint to include, among other things, allegations of an improper STG assignment dating from the early 1990s. The Court's ruling on Defendant's Renewed Motion to Dismiss eliminates some, but not all, of the claims set forth in the proposed amended complaint. The motion will be granted.

---

[5] The Court finds no basis for the retroactive application of these regulations. Plaintiff filed his complaint before the regulations' effective date.

[6] The Court rejects Defendant's argument that Plaintiff unduly delayed the filing of his motion to amend the complaint. Although 21 months may have passed since the filing of Plaintiff's initial *pro se* complaint, Plaintiff will not be penalized for the passage of time while awaiting the Court's ruling on motions, or for the entry of counsel's appearance, or for the inevitable delays in counsel's making contact and consulting with this incarcerated Plaintiff.

Accordingly, it is hereby

ORDERED that Defendant's Renewed Motion to Dismiss [Dkt. #39] is GRANTED IN PART, and it is

FURTHER ORDERED that Plaintiff's claims for amendment or expungement of records maintained in BOP's Custodial and Security Record System and Inmate Central Records System, and claims arising after August 9, 2002 for damages with respect to records maintained in BOP's Inmate Central Records System are DISMISSED, and it is

FURTHER ORDERED that Plaintiff's Motion for Leave to File Second Amended Complaint [Dkt. #44] is GRANTED.

A status conference is set for June 29, 2004 at 9:45 a.m.

SO ORDERED.

/s/
GLADYS KESSLER
United States District Judge

DATE: June 8, 2004

7